Steven Menaker, Esq. (#013231977)
Chasan Lamparello Mallon & Cappuzzo, PC
300 Lighting Way, Suite 200
Secaucus, New Jersey 07094
(201) 809-6002
smenaker@chasanlaw.com
Attorneys for County of Hudson

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELEN FORD,<br><br>Plaintiff,<br><br>v.<br><br>RONALD P. EDWARDS, individually and in his official capacity, and the COUNTY OF HUDSON, a New Jersey Municipal Corporation.<br><br>Defendants. | CIVIL ACTION NO.<br><br><br>**NOTICE OF REMOVAL** |

To The Honorable Judges of the United States District Court for the District of New Jersey:

Pursuant to 28 U.S.C. § 1331 and §1446 (c), the County of Hudson ("Hudson") invokes this Court's jurisdiction and states the following grounds for removal:

1.    On July 5, 2021, an action was commenced against Hudson in the Superior Court of New Jersey, Law Division, Hudson County, entitled, Helen Ford v. Ronald Edwards and the County of Hudson, Docket No. HUD-L-2652-21. A true copy

of the Complaint is attached as **Exhibit 1**.

2.    To the best of Hudson's knowledge, there have been no further pleadings filed in this action.  Hudson has not filed an answer or any other pleading responsive to the Summons and Complaint.  Accordingly, this Notice of Removal is timely filed within 30 days after receipt by Hudson of the initial pleadings in accordance with 28 U.S.C. § 1446(b).

3.    To the best of Hudson's knowledge, Ronald P. Edwards has not yet been served with the Complaint or appeared in the action.

4.    Pursuant to 28 U.S.C. § 1446(c), the Complaint joins Federal law and State law claims.

5.    The Second Count of the Complaint alleges a violation of 29 U.S.C. § 621, age discrimination under Federal law.

WHEREFORE, Hudson prays that this Complaint now pending against it before the Superior Court, Law Division, Hudson County, be removed to this Court and that this Court exercise its jurisdiction.

Chasan Lamparello Mallon & Cappuzzo, PC
Attorneys for Defendant County of Hudson

By: _____
/Steven Menaker

Dated: July 12, 2021

# EXHIBIT 1

George J. Cotz, Esq  #010711974
47 S. Franklin Turnpike
Ramsey, NJ 07446
Phone 201- 327-0900
Attorney for the Plaintiff

| | |
|---|---|
| **Helen Ford,** | SUPERIOR COURT OF NEW JERSEY |
|        **Plaintiff** | LAW DIVISION, HUDSON COUNTY |
| | DOCKET NO HUD - L |
| **vs** | |
| **Ronald P. Edwards, individually and in his official capacity, and the County of Hudson, a New Jersey municipal corporation,** | Civil Action No. |
| | *COMPLAINT and JURY DEMAND* |
|        **Defendants** | |

Plaintiff, Helen Ford, residing in Washington Borough, Warren County, New Jersey, says:

1. Plaintiff is employed by Defendant Hudson County, in its Department of Corrections ("HCDoC") and holds the rank of Lieutenant. She has been employed by HCDoC since about 1990. She is the senior Lieutenant.

2. Plaintiff is a female, 59 years of age, of African-American descent. She is the oldest officer in HCDoC, and one of only two African-American women who hold superior rank.

3. Defendant Ronald Edwards was, until 2017, also a Lieutenant of the HCDoC. In 2017, he was appointed to be Director of the Hudson County Jail, a non- law enforcement position. He remains in that position until this day.

4. On or about February 7, 2020, Plaintiff encountered a situation in the jail involving

a group of inmates being returned from visits with their families. One inmate, Jonathan Hickson, was verbally abusive to Defendant Edwards while he was walking past him. Defendant Edwards ordered that Hickson be placed in the Restraints Chair as a punishment.

5.     It is unconstitutional to place an inmate in the restraints chair for punishment; it is deemed "cruel and unusual" punishment. This is common knowledge among the HCDoC officers and is covered in training. The restraints chair is only to be used on a temporary basis, when an inmate is actively a threat to himself or others.

6.     When Plaintiff saw this, she immediately objected verbally to this violation of Hickson's rights; and circulated an e-mail report of what she had seen.

7.     Plaintiff's e-mail of February 7, 2020, has been deleted from the HCDoC server.

8.     Subsequent to voicing this objection and reporting Defendant Edwards' conduct, Plaintiff has been retaliated against by Defendant Edwards.

9.     At that time, February 2020, Plaintiff was then in charge of Training and Compliance ("TCB") for the HCDoC. Defendant Edwards' first act of retaliation was to re-assign responsibility for inspections (i.e., "Compliance"), by outside agencies, such as ICE and the US Marshall's Service, from Plaintiff to a white male lieutenant. Plaintiff had successfully managed these for several years.

10.     Next, shortly thereafter Defendant Edwards told several of her peers that he intended to "get her out of the building", i.e., the Hudson County Jail; he then announced that he was moving her office to "The Projects", his derogatory name for a series of dilapidated, rodent-infested, unmaintained pre-fab temporary buildings adjacent to the Jail.

11.     Since February 2020, he has re-assigned her office four times. He has also assigned individual offices to white male lieutenants with far less seniority than her.

12.     Director Edwards then stripped her of responsibility for the keys to the gun-lockers in the jail, and gave this assignment to a younger, White lieutenant.

13.     In September 2020, he removed her from her position as Training Officer, and made her "Executive Officer", a position primarily concerned with clerical tasks.

14.    Also in September 2020, he initiated an IA against her, which seeks her termination, using documents with altered dates.

15.    As senior Lieutenant, Petitioner is automatically the Officer in Charge – OIC - of the Jail when the only remaining Captain is not on duty.  Director Edwards has adopted the habit of giving orders to the other lieutenants and sergeants in those circumstances in order to subvert her authority.  This happened, among other times, on January 20, 2021 when there was a immigration protest at the Jail.

16.    Petitioner has a past history of discrimination and retaliation by the HCDoC going back over a decade; as well as past litigation before the New Jersey Civil Service Commission, the United States District Court and the Third Circuit, which litigation culminated in a 2018 opinion.  That litigation, case no 2:07-cv-05002, implicated – but did not name as a defendant – Defendant Edwards,  who was then a lieutenant and superior to Petitioner, who was then a sergeant.  The trial court and jury found that he had engaged in one or more discriminatory acts towards her when she was a sergeant under him.  In August 2017, Petitioner was promoted to Lieutenant; in October 2017, Edwards became Director of the Hudson County DoC.  He retains his civil service rank of lieutenant, however.

## FIRST COUNT

17.    The actions of Defendant Edwards as aforesaid, including the events described at ¶s 9 to 15, were retaliation for Plaintiff's report of his unconstitutional and illegal treatment of Prisoner Hickson.

18.    Such retaliation is prohibited by NJSA 34:19-1, et seq.

19.    Plaintiff has been, and continues to be, damaged by Defendant Edwards' retaliatory actions.

WHEREFORE, Plaintiff demands judgment pursuant to the Statute on this Count against Defendant Edwards for compensatory damages, punitive damages, counsel fees and costs of suit.

## SECOND COUNT

20.    The actions of Defendant Edwards as aforesaid, including the events described at ¶s 9 to 15, were motivated by racial and/or gender-based and/or age-based discrimination and/or animosity, contrary to 42 USC 2000e and 29 USC 621.

21.    Such retaliation is prohibited by 42 USC 2000e,. et seq., and 29 USC 621, et seq.

22.    Plaintiff has been, and continues to be, damaged by Defendant Edwards' retaliatory actions.

23.    Plaintiff was issued a Right-to-Sue letter by the EEOC.

WHEREFORE, Plaintiff demands judgment pursuant to the Statutes on this Count against Defendant Edwards for compensatory damages, punitive damages, counsel fees and costs of suit.

### THIRD COUNT

24.    The actions of Defendant Edwards as aforesaid, including the events described at ¶s 9 to 15, were motivated by racial and/or gender-based and/or age-based discrimination and/or animosity, contrary to NJSA 10:5-1, et seq.

25.    Such retaliation is prohibited by NJSA 10:5-1, et seq.

26.    Plaintiff has been, and continues to be, damaged by Defendant Edwards' retaliatory actions.

WHEREFORE, Plaintiff demands judgment pursuant to the Statute on this Count against Defendant Edwards for compensatory damages, punitive damages, counsel fees and costs of suit.

### FOURTH COUNT

27.    Under NJSA 10:5-1, et seq, Defendant Hudson County as the employer of Defendant Edwards and Plaintiff, is liable for his actions.

28.    Plaintiff has repeatedly reported the misconduct and retaliation of Defendant Edwards to Hudson County, which has failed to take meaningful action to stop, prevent or deter the misconduct and retaliation.

WHEREFORE, Plaintiff demands judgment pursuant to the Statute on this Count

against Defendant Hudson County for compensatory damages, punitive damages, counsel fees and costs of suit.

## FIFTH COUNT

29.     The retaliation against Jail employees is so widespread, common and accepted within the government and institutions of Hudson County as to amount to an official policy.

30.     Defendant Hudson County is liable for the actions of its employee and agent Edwards.

WHEREFORE, Plaintiff demands judgment on this Count against Defendant the County of Hudson for compensatory damages, punitive damages, injunctive relief, costs of suit and reasonable attorney fees.

Dated: June 4, 2021                             /s/ George J. Cotz

## JURY DEMAND

Plaintiff demands trial by jury on all issues.

Dated: June 4, 2021                             /s/ George J. Cotz

## ATTORNEY'S CERTIFICATION

George J. Cotz does hereby certify according to law as follows:

1.     I am the attorney for the Plaintiffs named in this action.  I am aware of no other action with which this action should be joined, nor am I aware of any other parties that should be made a party to this action.

2.     I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

Dated: June 4, 2021                                    /s/ George J. Cotz

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-002652-21

**Case Caption:** FORD HELEN  VS EDWARDS RONALD

**Case Initiation Date:** 07/05/2021

**Attorney Name:** GEORGE J COTZ

**Firm Name:** GEORGE J. COTZ

**Address:** 47 S FRANKLIN TURNPIKE

RAMSEY NJ 07446

**Phone:** 2013270900

**Name of Party:** PLAINTIFF : Ford, Helen

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Helen Ford? NO**

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/05/2021
Dated

/s/ GEORGE J COTZ
Signed